NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1587
_____

RICHARD WREN

v.

COUNTY OF LUZERNE;
MARYANNE C. PETRILLA;
STEPHEN A. URBAN

Maryanne C. Petrilla;
Stephen A. Urban,
Appellants

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 3-11-cv-01769)
District Judge:  Honorable Richard P. Conaboy
_____

Argued:  October 29, 2013

Before:  MCKEE, *CHIEF JUDGE*, FISHER, and SLOVITER, *Circuit Judges*

(Filed: December 13, 2013)


Kimberly D. Borland          (ARGUED)
Borland & Borland
69 Public Square
11th Floor
Wilkes-Barre, PA 18701
*Counsel for Appellee Richard Wren*

Mark W. Bufalino
John G. Dean
Joseph J. Joyce, III          (ARGUED)
Elliott Greenleaf & Dean
39 Public Square
Suite 1000
Wilkes-Barre, PA 18701
*Counsel for Appellants Maryanne C. Petrilla & Stephen A. Urban*

————————

O P I N I O N
————————

SLOVITER, *Circuit Judge*.

Richard Wren, who was employed as the Director of Veterans' Affairs of Luzerne County beginning in 2005, was fired on September 24, 2009 by the votes of County Commissioners Maryanne C. Petrilla and Stephen A. Urban. Wren brings this suit against, inter alia, Petrilla and Urban, alleging that he was unlawfully terminated in violation of his First Amendment rights, as annunciated in *Branti v. Finkel*, 445 U.S. 507 (1980), and *Elrod v. Burns*, 427 U.S. 347 (1976). Petrilla and Urban appeal the District Court's partial denial of their motion for summary judgment, asserting that this court has appellate jurisdiction over this interlocutory matter and that they are entitled to the defense of qualified immunity. We will not reach the second issue because we conclude that we do not have jurisdiction to decide the matter.[1]

The *Branti-Elrod* line of cases established that dismissals on the basis of political association are a violation of the First Amendment. There is an exception for the

---

[1] The District Court had jurisdiction over Wren's 42 U.S.C. § 1983 claim pursuant to 28 U.S.C. § 1331.

2

dismissal of an employee who held a "policymaking" position, *Elrod*, 427 U.S. at 367-68, but that exception is a narrow one. *See, e.g.*, *Assaf v. Fields*, 178 F.3d 170, 177 (3d Cir. 1999); *Burns v. Cnty. of Cambria*, 971 F.2d 1015, 1023 (3d Cir. 1992).

The exception applies when "'the hiring authority can demonstrate that party affiliation is an appropriate requirement for the effective performance of the public office involved.'" *See Assaf*, 178 F.3d at 175 (quoting *Branti*, 445 U.S. at 518). In the qualified immunity context, that showing depends upon whether a reasonable official, in the same position, would have been aware that his or her actions violated a clear constitutional right. *See Anderson v. Creighton*, 483 U.S. 635, 640 (1987). This determination is fact-specific, dependent on whether the right at issue was clearly established. *See Assaf*, 178 F.3d at 177. In this case, the parties dispute whether Wren's constitutional right was clearly established. That determination requires a full assessment of what it was that Wren did in his position.

A decision denying summary judgment on the defense of qualified immunity is considered to be a final judgment immediately appealable under the collateral order doctrine, to the extent that the denial turns on an issue of law. *See McKee v. Hart*, 436 F.3d 165, 168-69 (3d Cir. 2006). However, an appellate court lacks jurisdiction when an interlocutory appeal turns on issues of fact. *Forbes v. Twp. of Lower Merion*, 313 F.3d 144, 147-48 (3d Cir. 2002) (citing *Johnson v. Jones*, 515 U.S. 304, 313-16 (1995)).

The District Court denied in part defendants' motion for summary judgment on the ground that material facts are in dispute, and it cannot be said, as a matter of law, that the position of Director of Veterans' Affairs is one for which political affiliation is an

3

appropriate requirement. As Director of Veterans' Affairs, Wren was responsible for the management of the veterans' affairs office, ensuring compliance with federal, state, and county veterans' benefits, supervising the processing of applications for benefits, attending meetings and conferences on veterans' benefits, visiting veterans' medical hospitals and nursing homes, and ordering flags for distribution to county veterans' organizations for placement on veterans' gravesites, *see* 16 Pa. Cons. Stat. § 1922 (2008).

We held in *Boyle v. County of Allegheny*, 139 F.3d 386, 397-99 (3d Cir. 1998), that testimony by the relevant hiring authority that political affiliation is not an appropriate requirement for a particular office is evidence probative of whether the authority can make the showing required by *Branti*. Here, Petrilla testified that she did not consider political affiliation an appropriate requirement for Wren's position—and none of the Commissioners testified otherwise—a fact the District Court found compelling. Although Wren advised the County Commissioners concerning veterans' issues, which may be considered a political function, he had no input into decisions to hire or fire employees in his office, which suggests a limited scope of authority. In light of this record, we cannot conclude as matter of law that the position of Director of Veterans' Affairs fell within the *Branti-Elrod* exception. Because we do not have an undisputed record of what Wren did in his position, we agree with the District Court that this case is not appropriate for summary judgment at this time.

Petrilla and Urban contend that this case is controlled by *Waskovich v. Morgano*, 2 F.3d 1292 (3d Cir. 1993), where we found that the position of Director of Veterans' Administrative Services for the State of New Jersey fell within the *Branti-Elrod*

4

exception. As the District Court noted, the facts in *Waskovich* differ considerably from those here. Waskovich had significant policymaking authority in his position, and was involved in policy matters on a day-to-day basis. The degree to which Wren was involved in policymaking on a day-to-day basis is in dispute. Despite the superficial similarity in that Wren like Waskovich, "orchestrate[d] the provision of veterans' services," the scope of Wren's responsibility appears much narrower and of a more administrative character than the scope of Waskovich's responsibilities. Thus, we find defendants' reliance on *Waskovich* unconvincing.

Therefore, because reviewing the District Court's partial denial of the motion for summary judgment turns on disputed issues of fact, this court is without jurisdiction and the appeal shall be accordingly dismissed.